AULTMAN, MILLER & COMPANY, A CORPORATION, ETC., v. HARMON B. DODSON.

*Principal and agent—Extent of authority—Evidence—New trial.*

1. The general agent of a corporation engaged in the manufacture of agricultural machinery settled with one of its agents with whom he had originally contracted for services, said agent securing the balance due from him to the corporation by a chattel mortgage. Afterwards the general agent contracted with another party to handle said machinery (which agreement was recognized by the company), and agreed with the mortgagor that, if he would assist said party in so doing, the mortgage should be canceled. At the close of the season the mortgagor claimed to have performed his agreement, which the mortgagee denied, and brought replevin for the mortgaged property. On the trial the above facts appeared, and in addition a witness for the plaintiff testified that the authority usually

conferred by the plaintiff on its traveling agents was limited to proposing contracts for approval at the home office, but it appeared from the cross-examination of the witness that he had no direct knowledge of the extent of the authority of the general agent who made the agreement with the defendant. And it is held that the testimony was *prima facie* sufficient to show the authority of said general agent to make the contract in question.

2. The testimony as to whether or not the defendant had substantially performed his agreement was conflicting. And it is held that the question of such performance was for the jury, and their verdict should control.

3. The circuit judge, while not assigning specifically his reasons for overruling plaintiff's motion for a new trial, which was based upon newly discovered testimony, and upon the ground that the verdict was against the law and the evidence, stated that the affidavits in support of the motion did not correctly state what occurred on the application by the plaintiff at the trial to continue said case. And it is held that it cannot be said that there was an abuse of discretion in refusing to grant the motion for a new trial.[1]

Error to Ionia.    (Davis, J.)    Argued January 31 and February 1, 1895.    Decided April 2, 1895.

Replevin.    Plaintiff brings error.    Affirmed.    The facts are stated in the opinion.

*John H. Mitchell* and *O. T. Barnes,* for appellant.

*Chaddock & Scully,* for defendant.

MONTGOMERY, J.    Prior to December 31, 1890, defendant had been in the employ of plaintiff. On that date, a settlement was made by the defendant with one Frank S. Abbott, acting as agent of the company, and $181.64 found due to the company from defendant. This amount was secured by a mortgage covering a pair of horses and a

---

[1] For cases bearing upon the proper construction of and practice under Act No. 134, Laws of 1893, which provides for a review of the decision of a circuit judge in refusing a motion for a new trial, see *McRae v. Lumber Co.,* 102 Mich. 488, and note.

platform wagon, the property in dispute in this case. The mortgage was accompanied by a note due one year from date. In the fall of 1891 the agent, Abbott, visited defendant for the purpose of employing him to represent the company in making sales of machinery during the year 1892. The defendant declined to enter upon an engagement by which he would be required to do the heavy work of setting up machinery, etc. According to defendant's testimony given on the trial of the present case, he accompanied Abbott, and the two visited one A. D. Alchines; that a contract was made, by which Alchines agreed to handle the machinery of the company in 1892, provided he could have the assistance of defendant; that Abbott then agreed that if defendant would assist Alchines, what he was able to, during the season of 1892, the company would, at the end of the season, turn over to defendant the note and mortgage above referred to. The defendant offered evidence tending to show that he performed this agreement. The company failed to turn over the note and mortgage, and, after demand, brought replevin to recover the property. On the trial the jury returned a verdict in favor of defendant, and the case is brought before us on error.

1. It is contended that there was no testimony tending to show that Abbott had authority to make such a contract as that alleged, and that, therefore, it was error to submit that question to the jury. We think there was sufficient testimony to show authority, *prima facie*. It appeared that the defendant's original contract for service was made with Abbott; that the settlement was made with him, and the securities taken by him; that the contract with Alchines, made at the same time, and of which the agreement with defendant was really a part, was recognized by the company. This was some evidence of authority. This is not a case of one having the authority of a mere

traveling agent. The agency of Abbott was general, and, in the alleged contract with defendant, he was dealing with reference to a subject-matter of which he admittedly had control, and dealing with the securities which he had himself taken as a representative of the company. See *Hirschmann v. Railroad Co.*, 97 Mich. 396. It is true that a witness for plaintiff testified that the authority usually conferred by the company on its traveling agents was limited to proposing contracts for approval at the home office, but it was made to appear on the cross-examination of the witness that he had no direct knowledge of the extent of Abbott's authority.

2. It is alleged that the testimony shows conclusively that the defendant did not perform his contract fully, so as to entitle him to a discharge of the mortgage. While the testimony upon this point is not very full, the defendant did testify, in effect, that he was not to give his full time to assisting Alchines; that he was to get his note and mortgage, if he helped the Alchines people out, regardless of what he did. There was testimony that he did not devote his entire time to the business of assisting Alchines, but the question of whether he complied substantially with his contract was for the determination of the jury, and the verdict should control.

3. An application for a new trial was made, based upon newly-discovered testimony, and upon the ground that the verdict was against the law and evidence in the case. The circuit judge, while not assigning specifically the reasons for refusing a new trial, states that the same is denied, the affidavits for plaintiff not correctly stating what occurred on the motion to continue the cause at the trial.[1] Under these circumstances, we are not able to say

---

[1] The affidavit of the plaintiff's attorney, filed in support of his motion for a new trial, states that he first obtained a knowledge of what he could prove by said Abbott, the general agent for the

that there was an abuse of discretion in refusing the motion.

Judgment affirmed.

McGRATH, C. J., GRANT and HOOKER, JJ., concurred. LONG, J., did not sit.

plaintiff who made the agreement with the defendant, after the trial, which alleged facts are fully set forth in the affidavit of said Abbott, and can be shown by no other witness; that, when the case was called for trial, deponent, though knowing but little of what could be shown by said Abbott, yet deeming him an im-portant witness, and finding that he had not been reached by sub-poena, asked the court for 15 minutes in which to move for a con-tinuance based on the absence of said Abbott, which request was refused, and plaintiff was obliged to proceed to trial without the testimony of said Abbott, which, as shown by his affidavit, was and is vital to the interests of the plaintiff.